LOUIS BICZIS, BY HIS NEXT FRIEND, GABOR BICZIS, AND GABOR BICZIS, INDIVIDUALLY, AND EVA BICZIS, PLAINTIFFS-APPELLANTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A BODY CORPORATE, DEFENDANT-RESPONDENT.

Argued May 7, 1935—Decided September 10, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellants, *David T. Wilentz.*

For the respondents, *William H. Speer, Henry H. Fryling* and *Henry J. Sorenson.*

The opinion of the court was delivered by

HEHER, J. At the close of the plaintiffs' case, the trial judge, on defendant's motion, granted a nonsuit in this action to recover damages for injuries claimed to have been tortiously inflicted upon the infant plaintiff, Louis Biczis. His co-plaintiffs seek recovery of the consequential damage. A jury was empanelled on plaintiffs' motion.

Appellants assign two grounds for reversal, but press only one, viz.: Error "in granting a motion for nonsuit over the objection of the attorney for the plaintiffs-appellants." Relying upon the asserted insufficiency of this specification, respondent has refrained from a discussion of the meritorious question; no attempt is made to defend the challenged ruling. The insistence is that it is "meaningless and vague," and condemned by rule 145 of this court. And reliance is placed

upon a line of cases which hold that "the mere assertion that there was error in giving judgment to one party rather than to another is not sufficient." *Caspert* v. *Empire Furniture Co.*, 114 *N. J. L.* 546; *Golden Realty Co.* v. *Grant Building and Loan Association,* 109 *Id.* 129; *Cohn* v. *Passaic National Bank and Trust Co.,* 109 *Id.* 449; *Eckert* v. *Nazzaro,* 109 *Id.* 136; *Miller* v. *Newark Hardware Co.,* 112 *Id.* 300; *Casale* v. *Public Service Electric and Gas Co.,* 13 *N. J. Mis. R.* 266; *Greenblatt Coal Co.* v. *Jacobs,* 12 *Id.* 175; *Kosick* v. *Standard Properties,* 13 *Id.* 219.

It is said that this rule "requires a specification and not a generalization of grounds upon which the appeal is based;" and that there is no distinction in this regard between a nonsuit and a general judgment for the plaintiff or defendant at the close of the case. And the instant specification is characterized as "a general averment and not a specific statement of the grounds upon which the appeal is based." But this reasoning is obviously faulty. It evinces a misconception of the scope and effect of rule 145 and the underlying statutory provision. The rule merely requires "a brief specification" of the ruling made reviewable by paragraph 213 (a) of the act creating District Courts and regulating the practice therein. 2 *Comp. Stat.* 1910, *p.* 2016, as amended by chapter 77 of the laws of 1934 (*Pamph. L.* 1934, *p.* 201). This statute permits of a review only of questions of law made the subject of a ruling in the District Court. It limits the questions reviewable to "the determination or direction of such District Court, in point of law or upon the admission or rejection of evidence." The ruling complained of must exhibit a determination "in point of law."

But a nonsuit is manifestly a ruling of this character. In the instant case the holding was that, as a matter of law, the evidence furnished no factual basis for an inference of negligent conduct. The cases relied upon by respondent are not in point. A specification that judgment should have been rendered for the defeated party points to no judicial ruling in a matter of law. The judgment may well have been rested upon a determination of issues of fact; and it is funda-

mental in this state that findings of fact on conflicting evidence may not be reviewed on appeal. The statute so provides. 2 *Comp. Stat.* 1910, *p.* 2012.

Greater specification is neither required nor practicable. An assignment in this form has, by long established practice, been regarded as adequate to raise the question of the propriety of the ruling. *American, Trading, &c., Co.* v. *Miron & Lifson,* 98 *N. J. L.* 737; *Valenti* v. *Blessington,* 96 *Id.* 498; *Hygrade Cut Fabric Co.* v. *United States Stores Corp.,* 105 *Id.* 324; *Abbe* v. *Erie Railroad Co.,* 97 *Id.* 212.

We are thus brought to a consideration of the propriety of the nonsuit; and we conclude that it was erroneous. There was evidence tending to establish the following matters of fact: Defendant maintained a bus line along the Florida Grove road, in the township of Woodbridge, in the county of Middlesex, which served as a daily medium of transportation for school children of the vicinity, many of them of tender years, who attended a school located some distance away. On the day in question, October 3d, 1933, at about eight-forty A. M., the bus came to a standstill at its customary stopping point on Florida Grove road, near the intersection of that highway and Waltrous lane and West Pond road. The waiting children, about fifty in number, crowded around the entrance door; the infant plaintiff was close to the door. One of the children testified that the group "started to make a sort of a push," toward the door, and that the bus operator "had [*sic*] a motion to open the door; he had his hand on the handle." He observed the infant plaintiff "lifting up his foot to put it in even before the door was open," with "his hands against the body" of the bus, when the bus "started up with a quick pull; * * * he [the bus operator] made a quick pull away from there, near a jerk." The infant plaintiff, so the witness said, was thrown under the bus; the rear right wheel passed over the lower parts of his legs, and the bus came to a stop with the rear ten feet from the point where the plaintiff received his injuries.

It is obvious that this state of facts lends support to an inference of negligence by the operator of the vehicle. The

evidence was not altogether satisfactory. For instance, one of the two witnesses admitted giving to the principal of her school a written version of the occurrence at variance with her testimony at the trial that the bus operator was negligent; and, during the course of her examination, she said that she had given to the principal a truthful relation of her observations. But the testimony of the other witness, if believed, would justify an inference of negligence; and the weight to be given to this evidence is for the jury.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.